UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK SMITH,** | ) Case No. 5:17-CV-02338 |
| Petitioner | ) Judge Dan Aaron Polster |
| v. | ) **OPINION AND ORDER** |
| **EDWARD SHELDON,** | ) |
| Respondent. | ) |

This case is before the Court on the Report and Recommendation ("R & R") of Magistrate Judge Knepp. (**Doc. #: 13**). The Magistrate Judge recommends that the Court grant the Respondent, Edward Sheldon's Motion to Dismiss (**Doc. #: 8**), and dismiss Petitioner Frederick Smith's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody. (**Doc. #: 1**). On August 31, 2018, Smith timely filed Objections to Judge Knepp's R & R. (**Doc. #: 16**) The Court has carefully reviewed the R & R and Smith's Objections, and hereby **OVERRULES** Smith's Objections and **ADOPTS** the R & R in full. Smith's Petition is **DISMISSED WITH PREJUDICE**.

**I.**

Intending to appeal his rape and aggravated assault convictions, on November 8, 2016, Smith, proceeding *pro se*, mailed a Notice of Appeal to the Ohio Supreme Court before the November 14th deadline. The Ohio Supreme Court received Smith's Notice on November 14, 2016, but found that it did not contain all of the documents required by the Supreme Court's Rules

of Practice. On November 15, 2016, the Ohio Supreme Court returned Smith's Notice and documents with a letter informing him that he had failed to meet the filing requirements.

On November 21, 2016, Smith mailed a Motion for Leave to File a Delayed Appeal ("Motion for Delayed Appeal") with the Ohio Supreme Court. Once again, Smith's filing did not meet the requirements of the Supreme Court's Rules of Practice. On December 6, 2016, Smith corrected and re-mailed his Motion for Delayed Appeal. On February 22, 2017, the Ohio Supreme Court denied Smith's Motion for Delayed Appeal without reaching the merits and dismissed the case.

On November 6, 2017, Smith timely filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody. (Doc. #: 1). Respondent filed a Motion to Dismiss on February 16, 2018. (Doc. #: 8), and Smith timely filed a Reply Brief on May 14, 2018. (Doc. #: 11). Magistrate Judge Knepp issued his Report and Recommendation on July 26, 2018, recommending dismissal. (Doc. #: 13). Smith timely filed Objections on August 31, 2018. (Doc. #: 16).

## II.

Smith's Petition for Writ of Habeas Corpus asserts three grounds for relief:

Ground One: Denial of Fifth and Fourteenth Amendment rights when the Ohio Supreme Court denied Petitioner's motion for delayed appeal.

Ground Two: Insufficient evidence to support ground one (rape).

Ground Three: Due process violations from the court's abuse of discretion in: 1) admitting Defendant's prior out-of-court statement; 2) allowing the state to amend count on at conclusion of the State's case; and 3) ordering consecutive sentences.

(Doc. #:1 at 5-8).

Magistrate Judge Knepp's R & R distinguishes between Smith's first ground for relief and Smith's second and third grounds for relief. The R & R holds that Smith's first ground for relief is "not one which is appropriate for federal habeas review because Petitioner is not challenging his detention or conviction on this ground." (Doc. #: 13 at 11). The R & R further holds that Smith's second and third grounds for relief were procedurally defaulted because they were decided on an adequate and independent state ground, and that Petitioner has not demonstrated "cause" for him to neglect the procedural rule.

Smith's objections are largely incoherent, however, Smith's first objection appears to be that his first ground for relief does, in fact, challenge his underlying conviction. Smith's first ground for relief challenges the Ohio Supreme Court's denial of his Motion for Delayed Appeal— a post-conviction proceeding. It does not challenge any trial court practice that resulted in his conviction. Therefore it is not appropriate for habeas review. *See Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) ("the writ [of habeas corpus] is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings . . . because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration.").

Smith's other objections all seem to pertain to his procedural default. Denial of an untimely appeal is a procedural ruling. *See, e.g., Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 432 (6th Cir. 2006); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Henson v. Hudson*, No. 3:08-CV-600, 2009 WL 2567727, at *3 (N.D. Ohio Aug. 17, 2009). A petitioner may still avoid default, however, if he or she can demonstrate "that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Smith cannot and does not show any cause why he was unable to timely file his appeal to the Ohio Supreme Court. "Since both cause and prejudice must be shown to excuse a procedural default, the failure to establish cause eliminates the need to consider prejudice." *Id.* at 497. In his Objections, Smith alludes that he was prejudiced, but does not give any good cause why he was unable to timely file the correct documents. There was no "'objective factor external to the defense' [that] prevented [his] compliance with [the] state procedural rule." *Bonilla v. Hurley*, 370 F.3d at 498 (quoting *Murray v. Carrier*, 477 U.S. 478, 494-95 (1986).). Smith does not contest that he made procedural missteps during the filing of his Motion for Delayed Appeal. *See* (Doc. #: 16 at 1). Therefore, Smith has not and cannot show cause why he did not comply with the Ohio Supreme Court's Rules of Practice.

Finally, Smith objects to his procedural default by asserting his innocence. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 479–80 (1986). Smith states that "the evidence [of his innocence] is apparent from the record," (Doc. #: 16 at 4), but identifies no new evidence that leads this Court to believe that Smith is actually innocent.

## III.

Accordingly, the Court **OVERULES** Petitioner's Objection (**Doc. #: 16**), **ADOPTS IN FULL** Magistrate Judge Knepp's Report and Recommendation (**Doc. #: 13**). The above-captioned case is hereby **DISMISSED AS FINAL**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster   September 12, 2018*
**Dan Aaron Polster**
**United States District Judge**